```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```

GARY DAVID CHENOT and PATRICIA
CAGIANO CHENOT,

                Petitioners,

v.                             Case No. 8:12-cv-815-T-33EAJ

STATE OF FLORIDA, ET AL.,

                Respondents.
_____/

## **ORDER**

This cause is before the Court pursuant to Petitioners' "Notice of Removal from State Court of Florida, Tenth Judicial Circuit Court, Bartow, Polk County Florida" (Doc. # 1) and Petitioners' Motion for Temporary Restraining Order (Doc. # 2), both filed on April 16, 2012. For the reasons that follow, the Court remands this case to the State Court and denies the Motion for Temporary Restraining Order as moot.

## **Discussion**

28 U.S.C. § 1443 provides an avenue for defendants in certain civil actions and criminal prosecutions pending in State Court to remove such matters to the District Courts. However, removal under § 1443 is only appropriate for actions:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof.
> (2) For any act under color of authority derived

>from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

As explained by the Eleventh Circuit, "A removal petition filed pursuant to § 1443(1) must satisfy the two-prong test developed in Georgia v. Rachel, 384 U.S. 780, 798 (1966)." Taylor v. Phillips, 442 F. App'x 441, 442 (11th Cir. 2011).[1] "First, the petitioner must show that the right upon which the petitioner relies arises under a federal law providing for specific civil rights stated in terms of racial equality." Ala. v. Conley, 245 F.3d 1292, 1295 (11th Cir. 2001). This "does not include rights of general application available to all persons or citizens." Id. (internal citations omitted). "Second, the petitioner must show that he has been denied or cannot enforce that right in the state courts." Id. "Blanket charges that a defendant is unable to obtain a fair trial in state court are insufficient to support removal." Taylor, 442 F. App'x at 442-43.

---

[1] In Rachel, Court addressed whether defendants' removal of State Court criminal prosecutions to the District Court was proper when defendants' were arrested for attempting to obtain service at privately owned restaurants and defendants alleged that the arrests were racially motivated. 384 U.S. at 783.

2

The Court will analyze the Notice of Removal under § 1443(1).[2] Petitioners in this action are criminal defendants in various State Court proceedings. However, Petitioners have not shown "that the right upon which [they] rel[y] arises under a federal law providing for specific civil rights stated in terms of racial equality." Conley, 245 F.3d at 1295. Nor have Petitioners asserted that they are being denied or cannot enforce their rights under any such law in the State Court. The Court has reviewed the record and determines that it is devoid of allegations concerning racial inequality. Rather, Petitioners complain that a certain State Court administrator is operating under a financial conflict of interest due to his outside employment as a director for a private company.

Federal courts are courts of limited jurisdiction and are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution." Bochese v. Town of Ponce Inlet, 405 F.3d 964, 974 (11th Cir. 2005). "[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction

---

[2] The removal of a State Court action under § 1443(2) can only be accomplished by a federal officer, and pro se Petitioners are not federal officers, to this Court's knowledge. City of Greenwood v. Peacock, 384 U.S. 808, 824 (1966).

3

*sua sponte* whenever it may be lacking." <u>Univ. of S. Ala. v. Am. Tobacco Co.</u>, 168 F.3d 405, 410 (11th Cir. 1999). The Court finds that it lacks subject matter jurisdiction over this action and accordingly remands the case to State Court. The Motion for Temporary Restraining Order is denied as moot.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Motion for Temporary Restraining Order (Doc. # 2) is **DENIED AS MOOT**.

(2) The Clerk is directed to **REMAND** this case to the State Court, and thereafter, is directed to **CLOSE THE CASE**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>16th</u> day of April 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: all parties of record